Curia, per
O’Neall, J.
In this case, from the- verdict of the jury it seems that the defendants intended to execute the writ of Ji.fa. in good faith ; that their seizure of the little negro was on the supposition that it belonged to the plaintiff’s husband; and that in doing it, no more violence was used than was necessary to possess themselves of the child. Although the defendants cannot justify the seizure of another’s property by mistake, yet none but the ower can complain of that. The plaintiff must stand upon the injury done to her person, in taking the child out of her arms. That, it is true, is an assault and battery, but yet it is of the slightest imaginable character, and if the jury had given one cent damages, the law, as well as justice, would have been fully satisfied.
The question now presented, is whether a case shall be sent back for another trial to have a verdict for nominal damages entered. It is clear that the granting of a new trial is, in many instances, a matter of discretion. Where the ends óf justice have been answered, and there has been no misdirection on the part of the judge, nor improper testimony received, the Court will not, on a mere apex juris, order a case back. In Debruhl vs. Dinkins, 2 N. and M’C. 85, where an assault and battery had been clearly proved, the jury found for the defendant, the Court *170 substantially refused the motion for a new trial, in granting it, unless the defendant released the costs. This condition was I think wholly wrong, For with the costs we have nothing to do, they follow the verdict; if it is right, it should stand, if not, it should be set aside. In Fitch vs. Walker, 1 Bail. 98, Judge Nott, in delivering the opinion, maintains the doctrine for which I contend, that barely to secure a verdict of nominal damages the Court will not order a new trial. Such a matter falls clearly within the maxim, deminimis non curat lex. The motion is dismissed.
Richardson, Evans and Butler, JJ. concurred.